(64 South. 939)

No. 20,037.

THOMPSON v. WATTS.

(March 16, 1914. Rehearing Denied April 13, 1914.)

*(Syllabus by the Court.)*

REAL ACTIONS (§ 8*)—PETITORY ACTION—SUFFICIENCY OF EVIDENCE.

Only questions of fact are presented for consideration in this case.

[Ed. Note.—For other cases, see Real Actions, Cent. Dig. §§ 26–35; Dec. Dig. § 8.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Petitory action by Harry A. Thompson against Don F. Watts. From a judgment for defendant, plaintiff appeals. Affirmed.

J. C. Henriques, of New Orleans, for appellant. Wm. W. Wall, of New Orleans, for appellee.

SOMMERVILLE, J. This petitory action is for 24 squares of ground standing in the name of defendant, and which form parts of a large tract of land belonging to plaintiff, and which he alleges he acquired in part by inheritance from his mother, Mrs. Laura M. Thompson, May 5, 1898, in part by inheritance from his sister, Miss Maude A. Thompson, August 5, 1899, and in part by purchase from his father, Alfred Thompson, September 14, 1899. He further alleges that the title of defendant to the squares of ground was obtained by fraud, without the payment of the purchase price, and that the title claimed by him was simply a proposed sale. He asks to be decreed the owner of the property.

Defendant answered, denying the allegations made by plaintiff, and alleged that he, represented by his father, Felix R. Watts, together with Alfred Thompson, the father of plaintiff, agreed to purchase the larger tract of land before referred to, which purchase was made October 6, 1897, and which prop-

erty was held in indivision by them as owners for some time, and that on a final partition between them, August 27, 1898, the 24 squares in question were allotted to him, and that he is now the lawful owner of them.

There was judgment in favor of defendant, and plaintiff has appealed.

The evidence clearly shows that the larger tract of land was bought in the name of Alfred Thompson from the Society for the Relief of Destitute Orphan Boys October 6, 1897, for the joint account of Alfred Thompson and Watts. Thompson denies, in his testimony taken under commission, that Watts paid any portion of the purchase price; while Watts testifies that he did. The testimony of Watts on this point is supported by two documents in the handwriting of Thompson, and signed by him; one is not dated, and the other is of date March 31, 1898. In the one he writes:

"Now D. F. W. bought an undivided half and paid cash."

In the other:

· "This is my statement of the sale on the 6th of October last, you paid $404. and I paid $596., this is in my favor $192., and why I claim interest, it is true you have paid some since. * * * I might get him [Briede] to release [a mortgage held by Briede] so far as you are interested in the 18 squares," etc.

It is quite clear that Alfred Thompson and Watts owned the larger tract in indivision.

The evidence shows that Alfred Thompson transferred an undivided one-half interest in the tract to defendant November 18, 1897, and this title was held by defendant at the time of the death of Mrs. Thompson, May 5, 1898. Plaintiff, therefore, did not inherit any portion of that undivided half of the property from his mother.

Subsequently, August 27, 1898, and after the death of Mrs. Thompson, the owners of the tract had another division or partition of the property. Defendant transferred his undivided one-half to Alfred Thompson, and the latter transferred to defendant the 24 squares of ground claimed by plaintiff in this suit. By this transaction, Alfred Thompson disposed of his ownership in these 24 squares, and he had no interest in them to transfer to plaintiff, his son, September 14, 1899, when plaintiff alleges he bought the squares of ground from his father.

Mrs. Thompson's heirs, plaintiff and his now deceased sister, may have inherited an undivided half interest in these squares of ground on the death of that lady, May 5, 1898; and defendant apparently thought that they had inherited an interest, and he required Alfred Thompson and plaintiff, a major son, to guarantee him in writing that the above deed would be completed by Miss Maude A. Thompson when she attained her majority, and, in default of perfecting the deed, to pay him $400.

This deed of August 27, 1898, was lost for some time, and was not recorded. But it was produced on the trial of the cause, and it is in the record. Plaintiff and his father were both parties thereto, and they are bound thereby. The interest of Miss Maude A. Thompson was inherited by her father and brother, the plaintiff, and they are the parties who made title to defendant. No third person is before the court making any claim.

The deed from defendant to Alfred Thompson, August 27, 1898, by which the former transferred to the latter the one-half interest previously transferred, November 18, 1897, by Alfred Thompson to defendant, is not in the record; but it is shown to have existed, and both parties to the record rely upon it. And in the written statement of Alfred Thompson before referred to, he says:

"Now D. F. W. bought an undivided half and paid cash, it certainly then belong to him, and it surely belonged to me alone when I sold to him in November, now nearly a year after in August he sells back to me the same land for the same money," etc.

And, again, Alfred Thompson writes:

"City, Mr. Watts, I will consider no Deed. But the one made in Aug. 1898,—the same day boath Deeds were made," etc.—

which note is signed: "A. Thompson."

The two deeds between Alfred Thompson and defendant, of date August 27, 1898, are thus shown to have been executed by them; the one held and relied upon by defendant is valid, and it gives him title to the property claimed by plaintiff in his petition.

When it became known that the deed from Alfred Thompson to defendant, August 27, 1898, of the 24 squares, was lost, the parties made a second deed October 19, 1898, which deed was recorded, and its validity is attacked in plaintiff's petition. But it passed out of the case, and cannot be considered, since the original deed of August 27, 1898, has been produced.

Judgment affirmed.

PROVOSTY, J., absent on account of illness, takes no part.